UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOLAN ESTES | § | |
| | § | |
| v. | § | NO. 1:14-cv-555 |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Nolan Estes ("Estes"), plaintiff, and file this his Original Complaint.

PARTIES

1. Estes is a resident of Rockwall, Rockwall County, Texas.

2. Defendant JPMorgan Chase Bank, National Association, ("Chase") is a foreign financial institution with its principal office at 270 Park Avenue, New York, New York 10017-2070. Defendant may be served with process by delivery to its registered agent for service, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

JURISDICTION AND VENUE

3. This court has jurisdiction of the subject matter of this suit under 28 USC §1332 in that it is an action between citizens of different States involving an amount in controversy in excess of $75,000, exclusive of interest and costs. This court has personal jurisdiction of the defendant because it is engaged in business in the district, and the transaction from which this cause of action emanates occurred in the district.

4. Venue is proper in this court under 28 USC §1391 in that a substantial part of the events or omissions upon which the claim is based occurred in the district and division.

## BACKGROUND FACTS

5. Estes formerly resided in Austin, Texas at 6532 Lost Horizon Drive, Austin, Texas 78759-6177. The residence on Lost Horizon Drive was his homestead under Texas law.

6. On or about February 6, 2009 Estes signed a promissory note in Austin, Texas, in the principal sum of $350,000.00 bearing interest at the rate of 4.875%, payable to Envoy Mortgage, Ltd, on terms and conditions stated in the note. In conjunction with that promissory note, plaintiff executed a Texas Home Equity Security Instrument creating a lien on his homestead in favor of the lender.

7. The promissory note was an extension of credit as defined in TEX. CONST. Art XVI §50(a)(6). The extension of credit was what is commonly known as a home equity loan.

8. Plaintiff duly and properly made the monthly payments called for in the promissory note. Plaintiff made the payments to entities that identified themselves as the present owners of the note or the "loan servicers" for the owners of the note. Plaintiff dutifully made monthly payments on the note. On or about December 20, 2012 plaintiff paid off the remaining sum on the note.

9. Upon payment of the note in full, plaintiff expected the original note would be cancelled and returned to him, along with a release of lien in recordable form signed by the holder of the note. However, he has not received the note or the lien release.

10. After a reasonable time had passed, plaintiff notified Chase that the original promissory note had not been returned to plaintiff nor had he received a release of lien as required by the executed security instrument and the Texas Constitution.

11. More than 60 days have passed since plaintiff notified Chase of its failure to cancel and return the original promissory note to plaintiff and to furnish plaintiff with a release of

lien, and plaintiff has not received return of the original promissory note or release. The bank did not cure its failure to cancel and return the original promissory note to plaintiff following notice of the banks' failure to return the promissory note, and has not cured its failure to provide plaintiff with a release of lien.

## CAUSES OF ACTION

### *Texas Constitutional Claim*

12.   The note executed by plaintiff on August 23, 2005, was an extension of credit as defined in TEX. CONST. Art XVI §50(a)(6), and created a lien upon the homestead of plaintiff.

13.   Section 50(a)(6)(Q)(vii) requires that within a reasonable time after termination and full payment of the extension of credit, the lender cancel and return the promissory note to the owner of the homestead and deliver to the owner, in recordable form, a release of the lien securing the extension of credit or a copy of an endorsement and assignment of the lien to a lender that is refinancing the extension of credit.

14.   The holder of the note at the time of payment failed to cancel and return the original promissory note to plaintiff within a reasonable time, and failed to give plaintiff, in recordable form, a release of the lien securing the extension of credit. Chase is now the holder of the note.

15.   Plaintiff duly notified defendant of the failure to comply with the Constitutional requirement for cancellation and return of the original promissory note, and defendant refused to correct that failure within 60 days of notification. The bank has also been notified of its failure to give plaintiff, in recordable form, a release of the lien securing the extension of credit and has not corrected that failure.

*Breach of Contract*

16.     The Texas Home Equity Security Instrument provides that within a reasonable time after termination and full payment of the Extension of Credit, Lender shall cancel and return the Note to the owner of the Property, and deliver to the owner, in recordable form, a release of the lien securing the extension of credit.

17.     Defendant, though duly notified of the failure to perform these contractual obligations, has failed and refused to return the original of the promissory note to Plaintiff and give the plaintiff, in recordable form, a release of the lien securing the extension of credit.

## REMEDIES

18.     As provided in TEX. CONST. Art. XVI §50(a)(6)(Q)(x) and the Texas Home Equity Security Instrument executed by plaintiff, plaintiff is entitled to forfeiture of all principal and interest from defendant. Plaintiff is entitled to recover the entire principal amount of the credit and all interest paid by him under that credit.

19.     For breach of the contract provision requiring cancellation and return of the original promissory note, and the provision of a release of lien to the homeowner, plaintiff is entitled to recover not only the full amount of the principal amount of the loan and all interest paid but also reasonable and necessary attorney's fees from the defendant.

## CONDITIONS PRECEDENT

21.     All conditions precedent to plaintiff's right to bring this suit, and to recover the remedies requested, have occurred or have been waived.

## JURY DEMAND

22.     Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, premises considered, plaintiff prays that defendant be cited to appear and answer, and that upon trial he have judgment against defendant for the principal amount of the promissory note and all interest paid, that he recover his reasonable and necessary attorneys fees and prejudgment and post-judgment interest, that he recover his costs, and for such other relief to which he may show himself entitled.

KIDD LAW FIRM
819 West 11th Street
Austin, Texas 78701
512-330-1709 (fax)

/s/Scott R. Kidd
Scott V. Kidd
State Bar No. 24065556
512-542-9895
svk@kiddlawaustin.com
Scott R. Kidd
State Bar No. 11385500
512-330-1713
scott@kiddlawaustin.com